## Siegel v. Schantz *et al.*

*Practice on appeal — negligence — master and servant.*

When exceptions are ordered to be heard, in the first instance, at general term, the party moving for a new trial is confined to the exceptions taken at the trial, and also loses his right of review upon the evidence embraced in the case.

Defendant's foreman, who had charge of his shop, employed plaintiff's son, a boy twelve years old, to work in the shop. Under the foreman's direction, the boy worked upon a machine by which he was injured. *Held*, that the foreman stood in place of the master as to the subordinate employees of defendant, and his acts and negligence were the acts and negligence of defendant.

EXCEPTIONS ordered to be heard, in the first instance, at general term. The action was brought by the father of a minor son for injuries received by such son from a machine in defendant's cabinet-factory, while working as an employee of defendant.

The injured boy was about twelve years old. He was engaged to work in the factory by defendant's foreman, at twelve shillings per week. He was first employed in sweeping and cleaning about the shop, and, afterward, put to work upon a tenanting and mortising machine. While working upon this machine, he was accidentally injured in the arm. During all the time the boy was in the factory he was under the direction of the said foreman. Defendants never had any personal knowledge of either his hiring or the kind or character of his work.

It was claimed by plaintiff that the boy was not employed for the purpose of working upon the tenanting machine, but only to do chores, and that it was negligence to require him to work upon said machine. Evidence was given that plaintiff did not know the kind of work his son was doing, and the employment of such son upon the tenanting machine was without his consent.

The jury found a verdict in favor of plaintiff for $500, and defendants move, at the general term, for a new trial, upon exceptions ordered to be heard as above stated.

*L. H. Hovey*, for plaintiff.

*J. C. Cochrane*, for defendant.

E. DARWIN SMITH, J. When exceptions, as in this case, are ordered at the circuit, to be heard in the first instance, at the general term, the party moving for a new trial is confined to the exceptions taken at the trial, and he also loses the right of review upon the evidence embraced in the case which he might have had if the motion for a new trial had been, in the first instance, made before the circuit judge who tried the case, or another judge at special term.

When the judge who tried the cause at the circuit sat also in general term, it was almost a matter of course to send the exceptions to the general term, to be heard in the first instance, where the judges not oppressed with labor had ample time for their consideration, but under our present system, where the review is by different judges, the practice operates less advantageously to the parties in the prac-

Siegel v. Schantz.

tical loss of one review, and is more burdensome to the general term than it would be if we were only called upon to review the decision, upon careful consideration of one of our brethren, made at the circuit or at special term.

In this case but a single exception, taken by the defendants' counsel, comes before us for consideration.

At the close of the charge of the judge, the counsel for the defendants excepted to that portion of the charge which held or stated that the defendants were liable for the gross negligence of their foreman.

This foreman, acting for the defendants, employed the plaintiff's minor son, a boy of twelve years of age, and set him at work in the defendants' factory; superintended the defendants' work in said factory, and directed and controlled the plaintiff's son in his particular work and service therein. This was all done for the benefit of the defendants, and in the ordinary course of his employment and business as such foreman. His acts and negligence in the charge and service and ordinary work of the defendants, and his general directions in regard to the work and service of the persons under him in the employment of the defendants, must be deemed the acts and neglect of the defendants. He stood in the place of the master to the subordinate employees of the defendants in such factory, and was bound to see to it that this boy was not placed in dangerous positions for work above his years.

The charge of the circuit judge, in this particular, was, I think, entirely correct, and I see no ground of error upon which a new trial in the case can properly be granted.

A new trial should, therefore, be denied, and judgment ordered upon the verdict.

*So ordered.*